UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SERAPHIN,                                           :

       Plaintiff(s),                             :          ORDER

       - against -                               :          03 Civ. 5367 (LMS)

PORTER-CABLE CORPORATION,         :

       Defendant(s).                             :

------------------------------------------------------------x

Upon due consideration the defendant's motion to reargue plaintiff's motion to limit the proffered testimony of Dr. Stephen L. Young is granted. Upon reconsideration the Court reiterates its earlier ruling.

Local Civil Rule 6.3 of this court provides, in pertinent part, that a notice of motion for reconsideration or reargument "shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Initial Public Offering Antitrust Litigation, No. 01 Civ.2014, 2004 WL 789770, at *1 (S.D.N.Y. Apr. 13, 2004)(*quoting* Yurman Design, Inc. v. Chaindom Enter., Inc., No. 99 Civ. 9307, 2003 WL 22047849, at *1 [S.D.N.Y. Aug. 29, 2003] ). The decision to grant or deny the motion is within the sound discretion of the court. Id. The rule further provides that "[n]o affidavits shall be filed by any party unless directed by the court." Local Civil Rule 6.3. Defendant now seeks to reargue the plaintiff's motion to limit the proffered testimony of Dr. Young. The application is not submitted in

accordance with the Local Rule and may be denied on that basis alone.  However, upon reconsideration and review of both prior decisions, the motion may be denied because defendant misapprehends the prior rulings of the Court.

      First, defendant fails to grasp the Court's April 6 ruling.  The limitations on Dr. Young's testimony were not imposed solely because "such opinions would encroach upon the purview of the fact finder and thus would exceed the bounds of appropriate expert testimony."  Decision and Order dated April 6, 2005, at p. 10.  Rather, one must read the Decision and Order as a whole to ascertain the complete basis for the Court's ruling.  Though the Court's decision was perhaps not as clear as it might have been, the Court also weighed heavily Dr. Young's testimony that "in his work evaluating warning information, he typically does not reach the question of whether people will react to warnings [and]. . . . experts in his field do not use the results of their research or analysis to predict the behavior of any specific individual."  Id. at pp. 6-7.  This makes clear that he has no scientific or expert basis upon which to predict the actions of any one specific individual, including Mr. Seraphin.  Moreover, the "familiarity effects" upon which he based his opinions as to Mr. Seraphin were not documented thoroughly in the source material provided with his reports.  Id. at p. 10.  Thus, to the degree that Dr. Young reached any portion of his conclusion based on his assessment of "familiarity effects" which he had not identified as source material, he must be prohibited from offering such an opinion.  Dr. Young's testimony as to types or categories of people who may be expected to behave in a certain way (or to fail to behave in a certain way) will not be prohibited, so long as it is based upon the source materials properly identified in his reports.  All of these concerns informed the Court's opinion regarding Dr. Young's testimony.

Similarly, Dr. Szymani would not be permitted to testify as to how Mr. Seraphin would or would not have behaved under certain circumstances.[1] First, he is not an expert in human behavior. Second, he has not offered testimony about how Mr. Seraphin would or would not have behaved. To the degree that his proposed testimony might appear to offer such an opinion (see Report of Dr. Szymani dated February 24, 2004, at p. 11), it does not. Rather, Dr. Szymani's reference to the question of whether Mr. Seraphin was "effectively warned about holding the saw with both hands" must be read with the emphasis on "effectively." That opinion leaves to the jury the question of fact regarding the effectiveness of the warning, and is therefore appropriate and does not trespass improperly on the jury's fact-finding function.

Having considered the motion to reargue the Court reiterates its previous ruling.

Dated: April 29, 2005
      White Plains, New York

**SO ORDERED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[1] In addition, defendant's current motion – which could be read, in the alternative, to limit Dr. Szymani's testimony in the same manner that Dr. Young's testimony was limited – was not made previously, and cannot be considered by the Court on a motion to reargue.